# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

TERRENCE S. LIDDLE,    )
             ) **C.C.A. NO. 01C01-9709-CR-00395**
   Appellant,    )
             ) **DAVIDSON COUNTY**
VS.          ) **(No. 2534 Below)**
             ) **The Hon. Thomas H. Shriver**
**RICKY BELL, WARDEN,**   )
             ) **(Dismissal of Habeas Corpus Petition)**
   Appellee.    ) **AFFIRMED PURSUANT TO RULE 20**

## O R D E R

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. The appellant opposes the motion, and he has filed a motion to submit the case for decision on the record and the appellant's brief. Based on our review, we affirm the judgment of the trial court pursuant to Rule 20.

On March 15, 1994, the appellant was indicted in Wilson County on six counts of aggravated sexual battery. Subsequently, on January 17, 1995, the appellant pled guilty to one count of aggravated sexual battery and was sentenced as a Range I standard offender to 8 years in the Tennessee Department of Correction. On December 5, 1996, the appellant filed his petition for habeas corpus relief. Counsel was appointed, and the petition was amended. After a hearing on February 24, 1997, the state's motion to dismiss the petition was granted.

In this appeal, the appellant contends first that T.C.A. § 39-13-504 (1994 Supp.) failed to adequately inform him of the meaning of "unlawful sexual contact," making the statute constitutionally vague, however, this term was fully defined in T.C.A. § 39-13-501(6) (1991). Next, the appellant asserts that the indictment failed to inform him with specificity what conduct he allegedly performed that was illegal. In particular, he contends that the indictment did not allege what unlawful sexual contact was committed. The appellant could have filed a motion for bill of particulars pursuant to Tenn. R. Crim. P. 7(c) but did not, thereby waiving the issue.

Finally, the appellant asserts that his petition for writ of habeas corpus should be considered as a post-conviction petition. The appellant pled guilty on January 17, 1995, and this petition was filed on December 5, 1996. Accordingly, the appellant would not be

entitled to post-conviction relief because the petition was filed outside the time allowed by the applicable statute of limitation. Moreover, the appellant has failed to allege any of the enumerated exceptions set forth in T.C.A. § 40-30-202(b).

Having reviewed the appellant's brief, the state's motion, the appellant's response, and the entire record, we find that the state's motion is well taken.

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment of the trial court pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules is granted and the judgment of the trial court is affirmed. The appellant being indigent, costs are taxed to the state.

ENTER, this the ____ day of January, 1998.

_____
JERRY L. SMITH, JUDGE

CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
DAVID H. WELLES, JUDGE